IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| MARY PHILLIPS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO.: |
| | § § | _____ |
| TALLADEGA COLLEGE, | § § | |
| Defendant. | § § § § | JURY DEMAND |

**COMPLAINT**

### I. INTRODUCTION

1. Plaintiff alleges that respectively in violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000e et seq., as amended, ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. 621 et seq., ("ADEA"), and the American with Disabilities Act, 42 U.S.C. 12101 et seq., as amended, ("ADA"), Defendant discriminated against her based on her race, color, disability, and age. Plaintiff further alleges Defendant discriminated against her based on her race violative of 42 U.S.C. §1981, ("Section 1981"). Plaintiff contends she is entitled to equitable relief and compensatory, liquidated, and punitive damages, attorney's fees, and costs.

### II. JURISDICTION

2. Plaintiff invokes the jurisdiction of this Court according to 28 U.S.C. "1331, 1343(a)(4), 2201-2202, 42 U.S.C. §2000e et seq., 42 U.S.C. §1981, 42 U.S.C. § 12101, et seq., 29 U.S.C. 621 et seq., and 29 U.S.C. 2614.

3. Plaintiff has fulfilled all conditions precedent to this action's institution under the ADEA, the ADA, and Title VII. Plaintiff has filed and or relied upon a timely charge of race, color,

disability, and age discrimination with the EEOC. The EEOC issued a right-to-sue letter to the Plaintiff on her charge of race, color, disability, and age discrimination. She has filed this suit within 90 days of receipt of such right-to-sue letters.

### III. PARTIES

4. Plaintiff, Mary Phillips, is a white Caucasian female citizen of the United States and a resident of the State of Alabama. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621 et seq., ("ADEA"), and the American with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 et seq.

5. Defendant Talladega College (hereinafter "Talladega") is a domestic non-profit private liberal arts institution with its principal address and headquarters in Talladega, Alabama. Defendant is an "employer" subject to suit under Title VII, Section 1981, the ADA, and the ADEA.

### IV. STATEMENT OF FACTS

6. Plaintiff is an eighty-one (81) old Caucasian female.

7. Plaintiff is a person with a disability as defined by the ADA.

8. Plaintiff was employed by the Defendant from May 7, 2001 until her termination on or around June 30, 2020.

9. Plaintiff always performed her job well and her evaluations reflected such.

10. In March 2020, and in anticipation of replacing Plaintiff, the Defendant hired a younger, non-disabled African-American individual.

11. Mr. LeMarques McClide (hereafter "McClide") directed the new hire to work with Plaintiff.

12. Mr. McClide asked Plaintiff to teach the new hire everything she knew, and

Plaintiff did.

13. From that point forward, McClide treated the new hire as his assistant, a role formerly filled by Plaintiff.

14. This assistant eventually replaced Plaintiff.

15. The new hire spoke openly about the very issues Plaintiff spoke to Dr. Long about, which is Defendant's purported reason for terminating Plaintiff, but the new hire was not terminated as Plaintiff was.

16. McClide berated Plaintiff for doing things she routinely performed throughout her employment with the Defendant, despite her performance always meeting Defendant's historical standards.

17. When completing expense control forms, another task Plaintiff performed for years with no issue, McClide became angry and sent the forms to be audited.

18. McClide told Plaintiff the expense control forms she completed were incorrect. Mr. Smith, the Defendant's auditor, found that the forms were correctly executed by Plaintiff as usual.

19. McClide disallowed Plaintiff from working with board reports, a task Plaintiff performed for approximately 8 years.

20. McClide brought in two substantially younger, non-disabled African-American employees to create board reports.

21. Several employees of the Defendant overheard Dr. Hawkins stating he wanted an all-black staff and faculty.

22. In response, Michael Jones, Plaintiff's former supervisor, told Dr. Hawkins "[i]f you terminate [Mary Phillips], she could own the school."

23. In or around April 2020, Plaintiff asked McClide to meet to discuss his

expectations, an exercise Plaintiff underwent with her previous supervisors.

24. McClide refused to evaluate Plaintiff, while all other employees were evaluated.

25. In or around the Summer of 2020, McClide and Plaintiff spoke about Plaintiff's disability and her need for regular medical attention.

26. McClide then began entering Plaintiff's office to verbally harass her.

27. Each time Plaintiff sought medical attention relative to her disability, Plaintiff told the Defendant in a manner consistent with the Defendant's policies. McClide was visibly upset when he learned of the same.

28. On or around June 23, 2020, Plaintiff met with Dr. Lisa Long, the Defendant's Vice President and Provost.

29. Plaintiff told Dr. Long of her concerns with McClide, as Dr. Long asked Plaintiff to speak free and assured Plaintiff the conversation would be kept in confidence.

30. After Plaintiff's meeting, McClide refused to speak with Plaintiff, and it became evident to Plaintiff that her conversation with Dr. Lisa Long was shared with McClide.

31. On or around the 25th of June, Ms. Brenda Rhoden delivered Plaintiff's letter of termination, which stated Plaintiff's last day was to be June 30, 2020.

32. On June 26, Plaintiff asked McClide why she was being terminated. McClide stated he needed to protect himself, and therefore refused to rescind his recommendation that Plaintiff be terminated.

33. McClide refused to provide further detail to Plaintiff.

34. Plaintiff attempted to meet with Dr. Long several times, but Dr. Long refused to speak with Plaintiff

35. Defendant offered greater total compensation and wage mobility to non-disabled

African-American employees, including but not limited to starting pay and seniority-based raises. Defendant did not offer Plaintiff a raise for approximately 17 years, a much longer period than African Americans are made to wait.

V. **CAUSES OF ACTION**

**COUNT I:**
**TITLE VII-VIOLATIONS OF THE CIVIL RIGHTS ACT**
**(RACE-BASED DISCRIMINATION)**

36. Plaintiff brings her discrimination claim based on race under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. §2000e et seq., the "Civil Rights Act of 1991".

37. In support of her claim, Plaintiff incorporates by reference Paragraphs 2-6, 8-26, and 28-35 as if fully set forth herein.

38. Plaintiff asserts her Caucasian race was a substantial motivating factor in Defendant's decisions to pay her less than her African-American counterparts and terminate her employment.

**WHEREFORE**, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and provide her injunctive relief and declaratory relief, equitable relief, back-pay (plus interest), the value of lost benefits, punitive damages, attorneys' fees, costs, and expenses, as well as any other relief allowed or deemed just and proper by the Court.

**COUNT II:**
**42 U.S.C. §1981-VIOLATIONS OF SECTION 1981**
**(RACE-BASED DISCRIMINATION)**

39. Plaintiff brings her discrimination claim based on race, under 42 U.S.C. § 1981.

40. In support of her discrimination claim, Plaintiff incorporates by reference Paragraphs 2, 5, 8-26, and 28-35 as if fully set forth herein.

41. Plaintiff asserts her Caucasian race caused Defendant's decisions to pay her less

than her African-American counterparts and terminate her employment.

**WHEREFORE**, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and provide her injunctive relief and declaratory relief, equitable relief, back-pay (plus interest), the value of lost benefits, punitive damages, attorneys' fees, costs, and expenses, as well as any other relief allowed or deemed just and proper by the Court.

**COUNT III:**
**42 U.S.C. 12101 et seq. – VIOLATION OF THE DISABILITIES ACT**
**(DISABILITY-BASED DISCRIMINATION)**

42. Plaintiff is an individual with a disability under the ADA in that she has a condition which substantially limits at least one major life activity and/or she is regarded as such and/or has a record of a disability 42 U.S.C. §12102.

43. In support of her disability claim, Plaintiff incorporates by reference Paragraphs 2-5, 7-20, and 22-35 as if fully set forth herein.

44. Plaintiff told Defendant of her disability, and asked for time off to tend to the same.

45. Defendant failed to engage in the interactive process to determine how a reasonable accommodation could be offered Plaintiff.

46. Defendant hired an individual without a disability or perceived disability, and instructed Plaintiff train said employee.

47. Defendant's decisions to terminate Plaintiff, and pay her less in total compensation than similarly situated non-disabled employees, were based on Plaintiff's disability, perceived disability, and/or a record of disability.

48. Defendant has intentionally, maliciously and with reckless indifference discriminated against Plaintiff based on her disability, her perceived disability and/or her record of a disability with regards to her terms and conditions of employment. 42 U.S.C. §12112.

6

**WHEREFORE**, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and provide her injunctive relief and declaratory relief, equitable relief, back-pay (plus interest), the value of lost benefits, attorneys' fees, costs, and expenses, as well as any other relief allowed or deemed just and proper by the Court.

### COUNT IV:
### 29 U.S.C. 621 et seq. – VIOLATION OF THE ADEA
### (AGE-BASED DISCRIMINATION)

49. Plaintiff brings her discrimination claim based on age under the ADEA.

50. In support of her claim, Plaintiff incorporates by reference Paragraphs 2-6, 8-24, 26, and 28-35 as if fully set forth herein.

51. Defendant discriminated against Plaintiff because of her age when it terminated Plaintiff, hired a substantially younger individual to replace her, and paid similarly situated younger individuals more in total compensation.

52. Plaintiff's age, 81, was the but-for cause of the adverse employment actions taken against Plaintiff.

**WHEREFORE,** the Plaintiff respectfully prays that this Court assume jurisdiction of this action and provide her injunctive relief and declaratory relief, equitable relief, back-pay (plus interest), the value of lost benefits, attorneys' fees, costs, and expenses, as well as any other relief allowed or deemed just and proper by the Court.

Dated:  August 23, 2021

        Respectfully submitted,

        /s/ Eric Sheffer
        **ERIC C. SHEFFER**
        Counsel for Plaintiff

**OF COUNSEL:**
**WIGGINS, CHILDS, PANTAZIS,**
**FISHER & GOLDFARB, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama  35203
Telephone: (205) 314-0500
Facsimile:   (205) 254-1500
E-mail: esheffer@wigginschilds.com

                **PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

                                      /s/ Eric Sheffer
                                      **ERIC C. SHEFFER**